# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | No. 04 CR 885 |
| v. ) | Judge Blanche Manning |
| ) | |
| VICTOR POWELL, a/k/a Mr. Cream, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Victor Powell has been charged in an 18-count superseding indictment with sex trafficking adult and minor females during 2003 and 2004. *See* 18 U.S.C. §§ 1591, 2422(a), and 2423(a). He has filed numerous pre-trial motions to dismiss various counts of his indictment, and to compel the government to elect between various counts. For the reasons that follow, all of the motions are denied.

***Motion To Dismiss Counts 1, 8, 15, & 18 As Duplicitous***

Duplicity is the "joining of two or more separate offenses in a single count of the indictment." *United States v. Conley*, 291 F.3d 464, 469 n.4 (7th Cir. 2002). Powell contends that counts 1, 8, 15 and 18—each of which alleges violations of 18 U.S.C. § 1591—are duplicitous because each fails to specify with which subsection Powell is charged, "thereby charg[ing] all subsections which renders said counts, individually and collectively, duplicitous since the government attempts to incorporate two or more separate and distinct crimes into each '18 U.S.C. 1591' count."

A defendant violates 18 U.S.C. § 1591 by causing a person to engage in a sex act for money when either (1) the person was under 18, or (2) the defendant used "force, fraud or coercion." Counts 1, 8, 15 and 18 involve one victim each. In counts 1 and 8, Powell is charged

with violating § 1591 both because (1) the victims were underage, and (2) Powell allegedly used "force, fraud or coercion." In counts 15 and 18, Powell is charged only with using force, fraud or coercion.

Counts 15 and 18 are not duplicitous because each alleges only one offense—that Powell used force, fraud or coercion to cause someone to engage in sex for money. Counts 1 and 8 are also not duplicitous even though they allege both that the victim was under 18 as well as the use of force, fraud or coercion. These counts do not allege separate offenses, but rather alternative means of proving a single offense. Alternative means of committing a single offense may be alleged in a single count of an indictment. *See* Fed. R. Crim. P. 7(c)(1) ("A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means."); *United States v. Berardi*, 675 F.2d 894, 897 (7th Cir. 1982) ("A count is not duplicitous, however, if it simply charges the commission of a single offense by different means."); *see also United States v. Brandon*, 298 F.3d 307, 314 (4th Cir. 2002) (same).

Nevertheless, Powell contends that grouping the two means of committing an offense under § 1591 into a single count will create "uncertainty as to whether the defendant's conviction is based on a unanimous jury decision." But as the Supreme Court has noted, jurors are not required to unanimously agree by which means a defendant committed a crime. *Schad v. Arizona*, 501 U.S. 624, 631 (1991) ("We have never suggested that in returning general verdicts in such cases jurors should be required to agree on a single means of commission.").

Accordingly, Powell's motion to dismiss counts 1, 8, 15, and 18 for being duplicitous is denied.

*Motions To Compel The Government To Elect Between Multiplicitous Counts*

Powell has filed three separate motions to compel the government to elect between various counts. In the first, Powell wants the government to elect between counts 1, 2, 3, 4, 5, 6, and 7, which all deal with the same alleged victim, Individual A. In the second, Powell wants the government to elect between counts 8, 9, 10, 11, 12, and 14, which all deal with Individual B. Finally, in the third motion Powell wants the government to elect between counts 15, 16, and 17, which all deal with Individual C.

A claim of multiplicity alleges that more than one count of an indictment charge the same criminal conduct, implicating the Double Jeopardy Clause. *See McCloud v. Deppisch,* 409 F.3d 869, 873 (7th Cir. 2005). The test whether counts are multiplicitous is the long-standing one set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932): "the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." As long as each statute requires proof of an additional fact that the others do not, then the fact that the statutes overlap somewhat does not violate the Double Jeopardy Clause. *McCloud,* 409 F.3d at 873 ("So long as the legislature has made sufficiently clear that multiple punishments are permissible, a court does not violate the Double Jeopardy Clause by imposing more than one punishment for the same offense.")

*Counts 1 - 7 (Victim A)*

The court will look first to those counts involving Individual A. Count 1 alleges that during the period December 2003 to September 2004 Powell violated 18 U.S.C. § 1591, which requires the government to prove sex trafficking of a minor by fraud, force or coercion affecting interstate commerce. Counts 2 and 3 involve an incident on December 30, 2003: count 2 alleges

a violation of 18 U.S.C. § 2423(a), which requires the government to prove transportation of a minor across state lines to engage in criminal sexual activity, while count 3 alleges a violation of 18 U.S.C. § 2422(a), which requires the government to prove coercion to travel across state lines to engage in prostitution. Likewise, Counts 4 and 5 involve an incident on June 27, 2004 and allege violations of 18 U.S.C. § 2423(a) and 18 U.S.C. § 2422(a), respectively. Finally, Counts 5 and 6 involve an incident on August 16, 2004, again alleging violations of 18 U.S.C. § 2423(a) and 18 U.S.C. § 2422(a), respectively.

Although there is some overlap, each statute with which Powell has been charged requires proof of a fact that the others do not. For instance, § 2422(a) is unlike § 2423(a) because only the former requires proof of coercion, while only the latter requires proof that the victim was a minor. Section 1591 can also be distinguished because unlike § 2422(a) it requires that the victim be a minor, and unlike § 2423(a) it requires proof of coercion. Section 1591 is further distinguished from the other two sections because they require travel across state lines, while § 1591 requires only conduct that *affects* interstate commerce.

It is with this last distinction that Powell takes issue. He contends that the only way conduct under § 1591 can affect interstate commerce (which it must in order to comply with the Commerce Clause) is through travel across state lines. *See United States v. Morrison*, 529 U.S. 598, 608-09 (2000) (Commerce Clause limits Congress to regulating only the channels of interstate commerce, instrumentalities of interstate commerce, or activities with a substantial relationship to interstate commerce). Therefore, he contends, § 1591 is actually no different than § 2422(a) and § 2423(a), which also require travel across state lines.

In short, Powell's characterization is wrong. Courts have identified numerous ways defendants can affect interstate commerce short of crossing state lines. For instance, the use of telephones to make even purely instrastate calls affects interstate commerce. *See United States v. Richeson*, 338 F.3d 653, 660-61 (7th Cir. 2003) (defendant's intrastate use of telephone line of a carrier operating in several states satisfies the "jurisdictional commerce element"); *United States v. Marek*, 238 F.3d 310, 318 n.35 (5th Cir. 2001) (collecting cases in which the use of a telephone to make intrastate calls "created a criminal federal jurisdictional nexus"). Likewise, employing condoms manufactured out-of-state substantially affects interstate commerce. *See United States v. Pipkins*, 378 F.3d 1281, 1295 (11th Cir. 2004) (use of condoms manufactured out-of-state "is sufficient either alone, or in combination with the enterprise's other interstate connections, to satisfy the interstate element"). According to the government, Powell used telephones to keep in contact with his victims while they worked the streets, and supplied them with out-of-state condoms. Accordingly, his alleged conduct substantially affected interstate commerce.

Furthermore, in passing 18 U.S.C. § 1591, Congress recognized that human trafficking adversely affected interstate commerce and sought to eliminate it: "Trafficking in persons *substantially affects interstate and foreign commerce*. The United States must take actions to eradicate the substantial burdens on commerce that result from trafficking in persons and to prevent the channels of commerce from being used for immoral and injurious purposes." 146 Cong. Rec. H2675-01 (2000) (emphasis added).

In conclusion, the counts the government brought under § 1591 encompass Powell's alleged intrastate activities which affected interstate commerce, while the counts brought under

§§ 2422(a) and 2423(a) involve allegations of specific instances of crossing state lines. Therefore, despite some overlap, each statute requires proof of a different group of facts and therefore the various counts against Powell involving Individual A are not multiplicitous.

*Counts 8-12, 14 (Victim B)*

The counts against Powell involving Individual B are virtually identical to the counts involving Individual A. Specifically, Count 6 alleges that during the period December 2003 to October 2004 Powell violated 18 U.S.C. § 1591, sex trafficking of a minor by fraud, force or coercion affecting interstate commerce. Counts 9 and 10 involve an incident on December 30, 2003, during which a victim was allegedly moved across state lines in violations of 18 U.S.C. § 2423(a) (Count 9) and 18 U.S.C. § 2422(a) (Count 10). Counts 11 and 12 involve a similar incident on June 27, 2004 that allegedly violated 18 U.S.C. § 2423(a) and 18 U.S.C. § 2422(a), respectively. Finally, Count 14 involves an incident on August 16, 2004, alleging a violation§ 2422(a).

As discussed above, §§ 1591, 2422(a), and 2423(a) each requires proof of a different group of facts than the other statutes. Accordingly, despite the overlap, the counts are not multiplicitous.

*Counts 15 - 17 (Victim C)*

The counts involving Individual C again allege violations of 18 U.S.C. §§ 1591 and 2422(a), as well as 18 U.S.C. § 2421, which is similar to § 2423(a) except that it does not require proof that the victim was a minor. Once again, as discussed above, under each of these statutes the government must prove a set of facts different than the facts it must prove under the other statutes. Accordingly, the counts are not multiplicitous.

In conclusion, none of the counts against Powell is multiplicitous, and therefore his motions to require the government to elect between the counts are denied.

*Motion To Dismiss Counts 1, 8, 15, and 18 For Lack of Jurisdiction under the Commerce Clause*

Powell has also moved to dismiss counts 1, 8, 15, 18 because they were each brought under 18 U.S.C. § 1591, a statute Powell argues violates the Commerce Clause. The court has already concluded that Powell's alleged activities substantially affected interstate commerce even though some of the activities were purely intrastate. Therefore, as applied to Powell, § 1591 does not run afoul of the Commerce Clause. Accordingly, the motion to dismiss is denied.

*Conclusion*

For the preceding reasons, the following motions are DENIED: Motion To Dismiss Counts 1, 8, 15, and 18 as Duplicitous [31-1]; Motion To Compel Election Between Counts 1, 2, 3, 4, 5, 6, and 7[32-1]; Motion To Compel Election Between Counts 8, 9, 10, 11, 12, and 14 [33-1]; Motion To Compel Election Between Counts 15, 16 and 17 [34-1]; Motion To Dismiss Counts 1, 8, 15, and 18 for Lack of Jurisdiction under the Commerce Clause [50-1].

ENTER:

DATE: April 28, 2006

_____
The Honorable Blanche M. Manning
United States District Judge